JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, SR., <br><br> Petitioner, <br><br> v. <br><br> BRIAN D. PHILLIPS, Warden, <br><br> Respondent. | Case No. ED CV 23-1199 DOC (MRW) <br><br> **ORDER DISMISSING SUCCESSIVE HABEAS ACTION** <br><br> **28 U.S.C. § 2244** |

The Court dismisses Petitioner's state habeas action without prejudice as successive under 28 U.S.C. § 2244.

\* \* \*

1. Petitioner is a state prisoner serving a life sentence. He filed the present habeas corpus action to challenge his 2003 conviction for violating state sex offender registration requirements.

2. This is Petitioner's <u>fourth</u> attempt to seek habeas relief in this federal court regarding his conviction. The Court initially denied relief after an evidentiary hearing in <u>Poslof v. Yates</u>, No. ED CV 06-1418 AG

1 | (SH) (C.D. Cal.). The Ninth Circuit Court of Appeals affirmed that decision.

3. Additionally, the Court dismissed two other habeas actions on procedural grounds – including for pursuing a successive petition without authorization – after that. Poslof v. Sherman, No. ED CV 15-2526 AG (MRW) (C.D. Cal.); Poslof v. Sherman, No. ED CV 19-1422 DOC (MRW) (C.D. Cal.). Petitioner did not seek appellate review of those dismissals.

4. The current petition appears to allege issues regarding Petitioner's physical and mental competence at the time of his original trial. His petition also refers to recent state law changes and state court judicial decisions that Petitioner contends relate to his case. Notably, the petition was not accompanied by a certificate from the Ninth Circuit authorizing a second or successive petition under 28 U.S.C. § 2244.

5. Magistrate Judge Wilner screened the petition pursuant to local practice and Habeas Rule 4. Judge Wilner preliminarily concluded that the habeas petition was likely successive. (Docket # 9, 11.) Judge Wilner ordered Petitioner to submit a supplemental statement explaining why the action was not successive.

6. Petitioner submitted several items in response to the screening order. (Docket # 15, 19, 20, 21.) The bulk of these materials were prison medical records regarding Petitioner's ongoing health and disability problems. Petitioner glancingly addressed the successive nature of the current action by referring to issues that occurred at his original criminal trial. (Docket # 15 at 7-9.) Nowhere in the materials did Petitioner dispute that this action is successive under federal law.

\* \* \*

7. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without seeking a response from the government.[1] 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

9. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court

---

[1] Shortly after his first responsive submission (and before the entry of a dispositive ruling in this district court), Petitioner purported to file a notice of appeal. (Docket # 16, 17.) A notice of appeal or other similar document ordinarily serves to divest a district court of jurisdiction.

However, ample authority establishes that a frivolous or premature appeal does not divest a court of continued jurisdiction over the action. Marks v. Clarke, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996); Haggerty v. Diaz, No. CV 12-2219 DMG (JCG), 2013 WL 4718171 at *2 (C.D. Cal.). Because Petitioner's notice of appeal is clearly premature, the Court retains authority to consider whether it is appropriate to dismiss the action on the grounds stated in this decision.

of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

\* \* \*

10. Petitioner's current habeas action is subject to dismissal. The petition challenges the same conviction for which he previously obtained habeas review. Petitioner did not obtain permission from the Ninth Circuit to bring a new habeas action in this Court. Nor has Petitioner explained to the Court why this action is not successive. The materials elaborating on his historic or current mental health difficulties are insufficient to establish federal jurisdiction.[2]

11. As a result, the Court does not have jurisdiction under Section 2244(b)(3)(A) to review Petitioner's habeas claims. The current petition must be dismissed for lack of jurisdiction. 28 U.S.C. § 2244(b); Burton, 549 U.S. at 156; Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

\* \* \*

---

[2] To the extent that Petitioner points to recent state statutory changes or state court decisions regarding his claim, those state law actions cannot refute the successiveness of the action in this federal court under AEDPA. 28 U.S.C. § 2244(b)(2)(A) (action successive unless "the claim relies on a new rule of [federal] constitutional law, made retroactive to cases on collateral review by the [United States] Supreme Court, that was previously unavailable"). Petitioner's submission fails to meet this specific standard.

Because the Court is without jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: November 30, 2023

*David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE